# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DONALD ODOMS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND**, a municipal corporation; **PORTLAND POLICE OFFICER HARRY JACKSON**; and **PORTLAND POLICE DETECTIVE ROGER W. MORSE**,<br><br>Defendants. | Case No. 3:25-cv-02255-IM<br><br>**ORDER GRANTING MOTION TO DISMISS** |

William E. Merkel, Merkel and Conner, LLC, 2121 SW 4th Ave, Ste 303, Portland, OR 97201. Attorney for Plaintiff.

Carey Caldwell, Portland City Attorney's Office, 1221 SW 4th Ave, Rm 430, Portland, OR 97204. Attorney for Defendants.

**IMMERGUT, District Judge.**

Before this Court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Motion to Dismiss ("MTD"), ECF 13. For the following

PAGE 1 – ORDER GRANTING MOTION TO DISMISS

reasons, this Court GRANTS Defendants' motion and dismisses Plaintiff's First Amended

Complaint, ECF 8, with prejudice.

## BACKGROUND

### A.  Procedural Background[1]

In 1988, Plaintiff was convicted of six felony charges, including kidnapping, robbery,

rape, and sodomy. FAC, ECF 8 ¶ 48. Four of the six convictions were determined by a non-

unanimous jury verdict. *Id.* ¶ 49. After his conviction, Plaintiff unsuccessfully sought relief in

state and federal court. The Oregon Court of Appeals initially vacated his conviction, but the

Oregon Supreme Court reversed and remanded to the Court of Appeals, which then affirmed.

Caldwell Decl., Ex. 3, ECF 14-3 at 3–4. Plaintiff filed a federal habeas petition, which was

denied. *Odoms v. Thompson*, No. 01-35547, 40 F. App'x 442, 443 (9th Cir. May 22, 2002).

In 2020, the U.S. Supreme Court held that the Sixth Amendment's right to a jury trial

required unanimous verdicts in state court. *Ramos v. Louisiana*, 590 U.S. 83, 111 (2020). In

2021, Plaintiff filed a petition for post-conviction relief in state court. Caldwell Decl., Ex. 4, ECF

14-4. While Plaintiff's post-conviction petition was pending, on December 30, 2022, the Oregon

Supreme Court held that *Ramos* applied retroactively to criminal defendants convicted by non-

---

[1] Defendants request that this Court take judicial notice of various documents related to
Plaintiff's underlying criminal conviction, including the original criminal indictment, petitions
for post-conviction relief, and related materials. MTD, ECF 13 at 2–3; Reply, ECF 21 at 1–2.
Plaintiff did not respond to this request. *See generally* Opp'n, ECF 18. The rules of evidence
allow for federal courts to take judicial notice of facts "not subject to reasonable dispute." Fed.
R. Ev. 201(b). Federal courts "may take judicial notice of court filings and other matters of
public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).
"The court . . . must take judicial notice if a party requests it and the court is supplied with the
necessary information." Fed. R. Ev. 201(c)(2). Defendants have supplied this Court with the
requisite information, and thus, this Court will rely on those materials in evaluating this motion.
*See* Declaration of Carey Caldwell in support of Defendants' Motion to Dismiss ("Caldwell
Decl."), ECF 14; Declaration of Carey Caldwell in support of Defendants' Reply ("Caldwell
Supp. Decl."), ECF 21.

PAGE 2 – ORDER GRANTING MOTION TO DISMISS

unanimous juries in Oregon. *Watkins v. Ackley*, 370 Or. 604, 633 (2022). On July 7, 2023, the Marion County Circuit Court granted Plaintiff's petition by stipulated judgment. Caldwell Decl., Ex. 5, ECF 14-5. On July 15, 2023, Plaintiff filed a certified copy of that judgment in the Multnomah County Circuit Court and served the Multnomah County District Attorney. *Id.*, Ex. 6, ECF 14-6. On February 6, 2024, the Multnomah County Circuit Court resentenced Plaintiff on the non-reversed counts to time served after the Multnomah County District Attorney's Office elected to not prosecute on the non-unanimous counts. *Id.*, Ex. 8, ECF 14-8 at 1–2.

In September 2024, Plaintiff filed a petition in Multnomah County Circuit Court under Oregon's compensation for wrongful conviction statute seeking $1,658,000. *Id.*, Ex. 7, ECF 14-7 at 1. On November 19, 2025, the Multnomah County Circuit Court granted the State of Oregon's summary judgment motion in full. *Id.*, Ex. 8, ECF 14-8 at 7–8.

On November 26, 2025, Odoms filed this lawsuit in Multnomah County Circuit Court. Complaint, ECF 1-4. Defendants timely removed. Notice of Removal, ECF 1. On February 6, 2026, Odoms filed an Amended Complaint. FAC, ECF 8. Plaintiff brings claims against the City of Portland and two of its former police officers, Harry Jackson and Roger Morse. Defendants[2] moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. MTD, ECF 13. Defendants raised several arguments in support of their motion, including that Plaintiff's claims were filed beyond the statute of limitations. *Id.* Odoms filed a response in opposition ("Opp'n"), ECF 18, and Defendants filed a reply brief ("Reply"), ECF 21.

---

[2] Defendants City of Portland and Jackson originally filed this Motion to Dismiss, ECF 13, on April 16, 2026. Defendant Morse was served on May 8, 2026. ECF 23. Defendant Morse filed an unopposed notice of joinder, ECF 24. This Court agrees that "Defendant Morse is identically situated in nearly every allegation" as the other defendants, *id.* at 2, and will therefore evaluate the 12(b)(6) motion for failure to state a claim as to all defendants in this action.

PAGE 3 – ORDER GRANTING MOTION TO DISMISS

B.  **Plaintiff's Allegations**[3]

Plaintiff makes a variety of factual allegations related to the evidence used to convict him, namely, evidence about the conduct and statements of the victim in the case. Plaintiff alleges that that "[n]o physical evidence, forensic evidence, medical evidence, or independent corroboration existed to support any allegation against Plaintiff." FAC, ECF 8 ¶ 21. Plaintiff alleges the victim initially refused to testify and that "[o]nly after [Defendants'] inducements, misrepresentations, and threats did the complaining witness agree to testify against Plaintiff." *Id.* ¶¶ 22, 31. Plaintiff alleges that the victim altered her account after speaking with law enforcement and that she later recanted. *Id.* ¶¶ 34, 51–52.

Plaintiff alleges Jackson and Morse suppressed material exculpatory and impeachment evidence in their possession. *Id.* ¶¶ 39–42. Specifically, Plaintiff alleges that such evidence included "[t]he complaining witness's ongoing illegal drug use," "[h]er prostitution-related offenses at the time of detention," "[t]he promise that she would not be prosecuted if she cooperated, "[h]er repeated refusals to testify and requests that charges be dropped," "[h]er material changes in narrative prior to grand jury testimony," "[h]er emotional instability and hysterical behavior during interviews," and "Officer Jackson's coercive statements and false representations." *Id.* ¶ 39. Plaintiff alleges Jackson and Morse "[f]ail[ed] to document or disclose the leniency agreement," "[o]mitt[ed] material facts from police reports," "[w]ithh[eld] reports that documented coercion and witness instability," and "[f]ail[ed] to disclose these facts." *Id.* ¶ 41.

Plaintiff raises four claims under 42 U.S.C. § 1983 for (1) malicious prosecution under the Fourth Amendment against all Defendants; (2) suppression of exculpatory and impeachment

---

[3] This Court takes Plaintiff's allegations, summarized here, as true.

evidence in violation of the due process clause pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), against Defendants Jackson and Morse; (3) fabrication of evidence and coerced testimony against Jackson and Morse; and (4) municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against the City of Portland. FAC, ECF 8 at 10.

## STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a plaintiff's claim based on "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts must "accept as true all well-pleaded allegations of material fact," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), and "examine the allegations of the complaint as a whole." *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). Courts need not, however, credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

For the reasons set forth below, the First Amended Complaint fails to state a claim upon which relief can be granted because the applicable statute of limitations[4] bars all of Plaintiff's claims. Thus, this Court grants Defendants' motion to dismiss with prejudice.

A plaintiff can only "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---

[4] Because Plaintiff's claims are untimely, this Court declines to address Defendants' other dismissal arguments.

PAGE 5 – ORDER GRANTING MOTION TO DISMISS

conviction or sentence invalid" after their "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Malicious prosecution and derivative deprivation of rights claims accrue "when the criminal proceedings [are] terminated in [the plaintiff's] favor." *McDonough v. Smith*, 588 U.S. 109, 125 (2019).

The parties agree that this case is governed by Oregon's two-year statute of limitations from O.R.S. 12.110(1). MTD, ECF 13 at 7–8; FAC, ECF 8 ¶ 9; *see Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("[T]he federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling [to Section 1983 actions]." (citation modified)). The parties contest when Plaintiff's claims accrued. Defendants argue the claims accrued when the Oregon Supreme Court issued its *Watkins* decision on December 30, 2022, or alternatively, when the Marion County Circuit Court granted Plaintiff post-conviction relief in July 2023. MTD, ECF 13 at 8–9. Plaintiff argues that the earliest possible accrual date is February 6, 2024, when the Multnomah County Circuit Court resentenced Plaintiff to time served and entered its judgment. Opp'n, ECF 18 at 2–7.

This Court is persuaded that the latest possible date when Plaintiff's claims accrued is July 7, 2023, more than two years before he filed this case on November 26, 2025. While he was originally convicted in Multnomah County, Plaintiff filed his post-conviction relief petition in Marion County. Caldwell Decl., Ex. 4, ECF 14-4. The Marion County Circuit Court vacated Plaintiff's conviction on July 7, 2023. *Id.*, Ex. 6, ECF 14-8 at 3. Plaintiff, through counsel, filed notice of the Marion County Circuit Court's judgment in Multnomah County Circuit Court on

PAGE 6 – ORDER GRANTING MOTION TO DISMISS

July 15, 2023. *Id.* at 1; *see id.* ("Defendant[] Donald Gonzales Odoms . . . hereby gives notice that defendant's convictions . . . have been vacated . . . ."). When "'a § 1983 plaintiff's conviction is vacated by a state court, that conviction has been 'declared invalid by a state tribunal authorized to make such determination'" and is final for *Heck* purposes. *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1203 (9th Cir. 2020) (quoting *Heck*, 512 U.S. at 487). The Marion County Court was a state tribunal authorized to grant Plaintiff post-conviction relief. In sum, by vacating Plaintiff's convictions, the Marion County Court declared them invalid.

Plaintiff argues that a final favorable termination under *Heck* occurred only when the Multnomah County Circuit Court resentenced Plaintiff to time served and entered its judgment on February 6, 2024. Opp'n, ECF 18 at 2–7; Caldwell Decl., Ex. 8, ECF 14-8 at 1–2. Plaintiff argues that the Marion County judgment was not final because it "failed to eliminate Plaintiff's exposure to further prosecution." Opp'n, ECF 18 at 3. Plaintiff points to no authority requiring that the possibility of re-prosecution be extinguished for a judgment to be final favorable termination under *Heck*. *See id.* at 3–5.

Moreover, Plaintiff argues that the Marion County Court's judgment did not provide complete relief. *See* Opp'n, ECF 18 at 4–5. The crux of Plaintiff's argument is that the Marion County Court did not expunge Defendant's conviction under Oregon law. But as Defendants point out, the expungement statute Plaintiff references, "ORS 137.255[,] . . . is a permissive statute that presents a former convict additional, optional relief." Reply, ECF 21 at 3. Plaintiff points to no authority for the proposition that his claims accrued only upon expungement of his convictions (or other relief only the Multnomah County Circuit Court could provide).

Plaintiff's other statute of limitations arguments are unavailing. Plaintiff argues that his "criminal case was not final because sentencing consequences remained unresolved," noting that

PAGE 7 – ORDER GRANTING MOTION TO DISMISS

not all of his convictions were vacated. Opp'n, ECF 18 at 5–6 (citation modified). However, Plaintiff's convictions by the unanimous jury have *never* been vacated; claims based on those convictions are not actionable due to *Heck*'s bar. In the alternative, Plaintiff argues that his claims are timely based on equitable tolling principles. *See* Opp'n, ECF 18 at 7. "In § 1983 claims . . . federal courts apply the tolling doctrine of the forum state." *Monical v. Marion County*, No. 6:18-cv-103-YY, 2021 WL 228891, at *3 (D. Or. Jan. 22, 2021) (citing *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999)). "Equitable tolling is used sparingly in Oregon," and here, Plaintiff "has put forward no plausible argument to excuse [his] failure to comply with the statute of limitations." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1048 (9th Cir. 2016) (citation modified). On the contrary, Plaintiff previously brought claims stemming from his non-unanimous convictions, and after losing that case, Plaintiff tried again by filing this lawsuit.

Further, because Plaintiff has already had an opportunity to amend, *see* Order, ECF 7, and yet "it is clear that the [amended] complaint could not be saved by [further] amendment," this Court dismisses the Amended Complaint without leave to amend. *Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021) (citation modified). Dismissal without leave to amend is appropriate because "'amendment would be . . . futil[e],'" where here, "the claims are barred by the applicable statute of limitations." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).

## CONCLUSION

Defendants' Motion to Dismiss, ECF 13, is GRANTED, and Plaintiff's First Amended Complaint, ECF 8, is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED this 18th day of June, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 9 – ORDER GRANTING MOTION TO DISMISS